June 12, 2020

**VIA ECF**

Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *MCR Investors LLC v. Batta*, **No. 19-CV-11678 (VSB)**

Dear Judge Broderick:

Pursuant to this Court's June 5, 2020 Order (Doc. No. 14) in the above-referenced matter (the "Action"), Plaintiff MCR Investors LLC and Defendant Stephen Batta (collectively, the "Parties") jointly submit this letter containing the information requested therein.

**I.     Nature of the Action**

Plaintiff's Brief Statement of Its Claims: Plaintiff MCR Investors LLC ("Plaintiff" or "MCR") is a leading hotel management company that provides services to properties under its management. MCR regularly deals in confidential, proprietary and trade secret information (both its clients' and its own), and takes steps to protect such information. Defendant Stephen Batta ("Defendant" or "Batta") is a former employee of MCR, and served as Senior Vice President Operations at MCR's New York office from April 1, 2018 until April 14, 2019.

Prior to beginning work at MCR, Batta executed an Employment and Compensation Agreement dated February 15, 2018 (the "Agreement") which (among other provisions) restricted Batta's use of confidential, proprietary and trade secret information regarding MCR and its clients and vendors. On March 23, 2018, MCR and Batta also executed the MCR Confidentiality and Non-Disclosure Agreement ("NDA"), which also restricted Batta's use of MCR's confidential information (defined therein). During the course of Batta's employment with MCR, he had access to MCR's confidential, proprietary and trade secret information, including as part of his extensive work on significant deal opportunities that MCR was pursuing.

At some time prior to the beginning of April 2019, Batta approached one of MCR's competitors, Highgate Hotels, L.P. ("Highgate") and both sought and received an offer of employment there. Before advising MCR of his planned departure, Batta used his MCR work email account to send emails and documents containing MCR's confidential, proprietary and trade secret information to his personal email address, his wife's email address, and the email addresses of at least three individuals employed by MCR's competitors, including one Highgate employee. MCR discovered these emails immediately after Batta informed MCR that he would be resigning his position; MCR then advised Batta that he should not return to MCR's offices. Despite its concerns, MCR paid to him all remaining compensation to which he was due. Batta began work with Highgate in or about May 2019, acting as SVP Asset Management.

Hon. Vernon S. Broderick
June 12, 2020
Page 2

At the time of Batta's departure in April 2019, MCR was in active negotiations with at least one ownership group of a hotel (the "Prospect") in which Batta had been substantially involved, including accessing confidential, proprietary and trade secret information specific to that project. On or about December 10, 2019, MCR was advised that the ownership group of the Prospect would be entering into a deal with Highgate, rather than MCR. Batta was directly involved in Highgate's efforts to secure a deal with the Prospect, and utilized MCR's confidential, proprietary and trade secret information in connection with Highgate's successful efforts to secure a deal with the Prospect. Consequently, by way of this Action MCR seeks to hold Batta liable for breach of contract, common law misappropriation of confidential information and trade secrets, misappropriation of trade secrets pursuant to both the New Jersey Trade Secrets Act and Defend Trade Secrets Act, and breach of fiduciary duty of loyalty.

<u>Defendant's Brief Statement of His Defenses</u>: Defendant anticipates that Plaintiff will lack any reliable evidence that Defendant breached either the Employment Agreement or NDA (to the extent those agreements are even valid or enforceable) or his alleged duty of loyalty to Plaintiff, as Defendant did not misappropriate Plaintiff's confidential information or trade secrets. Even if the Employment Agreement or NDA are enforceable, Defendant has fully performed any and all of his contractual obligations thereunder. The alleged damages sustained by Plaintiff in this case, including that MCR lost a key deal to Defendant's new employer, have nothing to do with any conduct by Defendant. If any of Plaintiff's purported trade secrets or confidential information have been publicly disclosed or made available, such disclosure or availability is due to Plaintiff's own failure to protect its proprietary information. In any event, Plaintiff cannot demonstrate it has suffered irreparable harm. Defendant denies liability for any damages allegedly sustained by Plaintiff in this case.

## II.   Jurisdiction and Venue

MCR is a Delaware limited liability company, headquartered in New York City. The sole member of MCR is a citizen of New York. Batta is a citizen of New Jersey. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. This Court also has subject matter jurisdiction pursuant to 28 U.S.C § 1331, as this action arises in part under the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq.*). This Court has personal jurisdiction over Batta because the causes of action alleged by MCR arise in substantial part from Batta's actions within the State of New York. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.   Contemplated Motions

At this time, there are no motions outstanding. Plaintiff does not contemplate the submission of any motions, but reserves its right to move to amend the Complaint following discovery in this Action. Defendant intends on moving for summary judgment upon the close of discovery.

Hon. Vernon S. Broderick
June 12, 2020
Page 3

### IV. Discovery, Settlement and Trial

No discovery has taken place yet in this Action. The Parties engaged in brief settlement discussions near the outset of this matter. Plaintiff does not believe there is a significant prospect of settlement prior to the completion of document discovery, but is willing to participate in good faith settlement discussions at that time. Defendant is willing to participate in good faith settlement dialogue and plans on deposing MCR's Chief Executive Officer in advance, and in support, of same.

The Parties estimate that a trial in this Action would take three days.

Thank you for your consideration of this matter.

Respectfully submitted,

| AMINI LLC | VENABLE LLP |
|---|---|
| /s Casey J. Hail | /s Michael J. Volpe |
| By: Bijan Amini | By: Michael J. Volpe |
|     Casey J. Hail |     Benjamin E. Stockman |
| 131 West 35th Street, 12th Floor | 1270 Avenue of the Americas, 24th Floor |
| New York, NY 10001 | New York, NY 10020 |
| (212) 490-700 | (212) 307-5500 |
| bamini@aminillc.com | mjvolpe@venable.com |
| chail@aminillc.com | bestockman@venable.com |
| *Attorneys for Plaintiff MCR Investors LLC* | *Attorneys for Defendant Stephen Batta* |